UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x

JUDGE PRESKA

**07 CIV 4650**

ALLISON BEE,

Civil Action No.:

Plaintiff,

**NOTICE OF REMOVAL**

-against-

HOME DEPOT U.S.A., INC.,

RECEIVED
JUN 01 2007
U.S.D.C. S.D. N.Y.
CASHIERS

Defendant.

------------------------------------------------------------- X

To The Honorable Judges of The United States District Court for The Southern District of New
York:

      Removing party, Home Depot U.S.A., Inc. ("Home Depot"), by its attorneys,
D'Amato & Lynch, respectfully shows this Court:

     1.    Home Depot is the defendant in the above-entitled action.

     2.    On or about January 18, 2007, the above-entitled action was commenced
against Home Depot by the filing of a Summons and Complaint in the Supreme Court of the
State of New York, County of Bronx, under Index No. 6984/07, and is now pending therein. A
copy of the Summons & Complaint is annexed as Exhibit "A".

     3.    On our about February 7, 2007, Home Depot was served with a summons
and complaint via process server at the Home Depot store located at 40 West 23rd Street, New
York, New York (the "Store") in the above-entitled action.

4.     Home Depot served its Answer to the Complaint on April 2, 2007 along with a Request for a Supplemental Demand. A copy of Home Depot's Answer and Supplemental Demand is annexed as Exhibit "B".

5.     By letter dated May 9, 2007, a copy of which is annexed as Exhibit "C", plaintiff responded to Home Depot's Request for a Supplemental Demand by demanding $2,000,000 in damages.

6.     No further proceedings have been held herein in the Supreme Court of the State of New York, County of Bronx except for a Preliminary Conference held on May 14, 2007 to schedule discovery.

7.     Pursuant to plaintiff's Supplemental Demand, the amount in controversy in the above-entitled action, exclusive of interest and costs, exceeds $75,000.00.

8.     Plaintiff, by her own admission, is a resident of the State of New York.

9.     Home Depot is a corporation duly organized and existing pursuant to the laws of the State of Delaware, having its principal office in the State of Georgia.

10.     The above-entitled action is a personal injury action to recover damages for injuries allegedly sustained by the plaintiff as a result of a trip and fall on a display platform while she was at the Store on August 8, 2006.

11.     Plaintiff alleges that Home Depot was negligent in the maintenance of the Store thereby allowing a dangerous condition to exist resulting in personal injuries to plaintiff.

12.     This Court has original jurisdiction of the above-entitled action pursuant to 28 U.S.C. §1332, and the action may therefore be removed to this Court pursuant to 28 U.S.C. §1441(b).

13.     This notice is timely filed pursuant to 28 U.S.C. §1446.

WHEREFORE, removing party Home Depot U.S.A., Inc. prays that the above-entitled action be removed from the Supreme Court of the State of New York, County of Bronx to this Court.

Dated: New York, New York
       May 30, 2007

D`AMATO & LYNCH

By: _____

ROBERT D. LANG (RDL4144)
Attorneys for Defendant
HOME DEPOT U.S.A., INC.
70 Pine Street
New York, New York  10270
(212) 269-0927
**Our File No.: 434-74341**

# EXHIBIT A

FEB-08-2007  04:40AM  FROM-                                    T-986  P.003/010  F-030

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------x  Index No.:  6984/07

ALLISON BEE,                                        Filed:  1/26/07
                          Plaintiff,

          -against-                                 Plaintiffs designate BRONX
                                                    County as place of trial.
                                                    Basis of venue: Plaintiff's Residence
                                                    **S U M M O N S**
HOME DEPOT U.S.A., INC.,                            Plaintiff Resides at:
                                                    Bronx, NY
                                    Defendant.
------------------------------------------------x

**TO THE ABOVE-NAMED DEFENDANT(s)**

          **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve
copy of your answer, or, if the complaint is not served with this summons, to serve a notice of
appearance, on the Plaintiffs' Attorneys within 30 days after the service of this summons, exclusive of
the day of service (or within 30 days after the service is complete if this summons is not personally
delivered to you within the State of New York) and in case of your failure to appear or answer, judgment
will be taken against you by default for the relief demanded herein.

DATED:      New York, New York
            January 18, 2007
                                        ROBERT A. FLASTER, P.C.
                                        Attorney for Plaintiff
                                        225 Broadway, Suite 1505
                                        New York, New York 10007
                                        (212) 349-6000

Notice: The nature of this action
**NEGLIGENCE**

The relief sought is: **COMPENSATORY DAMAGES**

**Upon your failure to appear, judgment will be taken against you by default for a sum in
excess of the monetary jurisdictional limits of the Lower Court, with interest from August
8, 2006 and the costs of this action.**

**Defendant's Address:**
**HOME DEPOT U.S.A., INC.** - 28-40 West 23rd Street, New York, New York

FEB-08-2007  04:40AM  FROM-                                T-986  P.004/010  F-C30

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------x

ALLISON BEE,

                                    Plaintiff,            VERIFIED COMPLAINT

                                                         Index no.: 6984/07

            -against-

HOME DEPOT U.S.A., INC.,

                                    Defendant.
------------------------------------------------------x

Plaintiff, complaining of the defendant by her attorney, ROBERT A. FLASTER, P.C.,

upon information and belief, respectfully shows to this Court and alleges the following:

## AS AND FOR A FIRST CAUSE OF ACTION

1.      That at all times hereinafter mentioned, the plaintiff was and still is a resident of the

County of Bronx, City and State of New York.

2.      That at all times hereinafter mentioned, the defendant, HOME DEPOT U.S.A., INC., was

a domestic corporation duly organized and existing under and by virtue of the laws of the

State of New York.

3.      That at all times hereinafter mentioned, the defendant, HOME DEPOT U.S.A., INC. was

a foreign corporation doing business within the State of New York.

4.      That at all times hereinafter mentioned, the defendant, HOME DEPOT U.S.A., INC. was

a business duly licensed and existing by virtue of the laws of the State of New York and

doing business within said State.

5.      That on and before August 8, 2006, the defendant, HOME DEPOT U.S.A., INC., owned

the building and premises located at 28-40 West 23rd Street, County, City and State of

New York.

6.   That on and before August 8, 2006, the defendant, HOME DEPOT U.S.A., INC., leased the building and premises located at 28-40 West 23rd Street, County, City and State of New York.

7.   That on and before August 8, 2006, the defendant, HOME DEPOT U.S.A., INC., rented the building and premises located at 28-40 West 23rd Street, County, City and State of New York.

8.   That on and before August 8, 2006, the defendant, HOME DEPOT U.S.A., INC., owned a store known as Home Depot which was located at the aforementioned building and premises.

9.   That at all times hereinafter mentioned, the defendant, HOME DEPOT U.S.A., INC. operated a store at the aforementioned premises which was open to members of the public.

10.   That at all times hereinafter mentioned, the defendant, HOME DEPOT U.S.A., INC. managed the aforementioned store.

11.   That at all times hereinafter mentioned, the defendant, HOME DEPOT U.S.A., INC. maintained the aforementioned store.

12.   That at all times hereinafter mentioned, the defendant, HOME DEPOT U.S.A., INC. serviced the aforementioned store.

13.   That at all times hereinafter mentioned, the defendant, HOME DEPOT U.S.A., INC. controlled the aforementioned store.

14.   That at all times hereinafter mentioned, the defendant, HOME DEPOT U.S.A., INC. repaired the aforementioned store.

15.   That on August 8, 2006, at approximately 7:50 AM, the plaintiff, ALLISON BEE, was

lawfully a customer upon and within the aforementioned store.

16. That on and prior to August 8, 2006, the defendant, its agents, servants and/or employees caused, allowed and/or permitted a display platform to be and remain on the floor within defendant's store.

17. That on and prior to August 8, 2006, there were various items of merchandise placed upon the aforementioned display platform.

18. That on and prior to August 8, 2006, the aforementioned display platform and the items of merchandise placed upon said display platform were situated and located in a dangerous, hazardous, traplike and unsafe manner and location.

19. That on August 8, 2006 at approximately 7:50 a.m., as a result of the negligence, recklessness and carelessness of the defendant, its agents, servants and/or employees, the plaintiff was caused to trip and fall on the aforementioned display platform and to be violently precipitated to the ground thereby sustaining severe, serious and permanent personal injuries as hereinafter alleged.

20. That the occurrence and injuries sustained by the plaintiff, ALLISON BEE, were caused solely by the negligence of the defendant, its agents, servants, and/or employees, without any negligence on the part of the plaintiff, ALLISON BEE, contributing thereto.

21. The defendant, its servants, agents and/or employees negligently, recklessly and carelessly committed the following acts and omissions, among others: in improperly operating, managing, maintaining and controlling the aforesaid store; in failing to give warning to the plaintiff of the dangerous, hazardous and trap-like conditions then and there existing; in failing to maintain the display platform within said store in a safe and proper manner; in hiring inept, incompetent, inadequate, unskilled, unfit, and insufficient

FEB-08-2007  04:40AM  FROM-                                    T-986  P.007/010  F-030

employees; in failing to erect barricades and/or signs, and/or other warning devices in and

about the area to warn persons, including the plaintiff herein, of the dangerous, hazardous

and trap-like conditions then and there existing; in failing to provide adequate and proper

rules, schedules and regulations; in violating the pertinent codes, rules, statutes,

ordinances, regulations and promulgations of the City and State of New York; in failing

to heed notice of said conditions; in failing to provide proper, adequate, and competent

supervision; in failing to give warning to the plaintiff of the dangerous, hazardous and

trap-like conditions then and there existing; in causing, allowing and/or permitting a

display platform to be and remain on said floor in a dangerous and unsafe condition

thereby exposing persons within said store, including the plaintiff, ALLISON BEE,

herein, to grave bodily harm; in failing to remedy said dangerous conditions; in failing to

maintain said store in such a manner and under such control so as to avoid the occurrence

complained of; in failing to provide plaintiff with a safe floor upon which to walk within

said store; in providing plaintiff with a floor to walk upon within said store which was

inherently dangerous; in failing to take cognizance of and heed the safety of individuals

lawfully within said store; in causing, allowing and/or permitting the floor within said

store to become and remain dangerous; in failing to make necessary repairs; in failing to

provide proper and adequate lighting; in failing to heed notice of said conditions; in

failing to timely and properly rectify said conditions; in failing to assign employees to

ensure proper safety of customers; in causing, allowing and/or permitting a display

platform to be placed on the floor within defendant's store in a dangerous, unsafe,

hazardous and trap-like condition and location; in failing to consider the safety of

customers within defendant's store when determining the location to place said display

platform; in failing to provide signs and/or barricades and/or other warning devices to

advise customers within defendant's store as to the presence and location of said display

platform; in creating a tripping hazard; in failing to keep and maintain books and records;

in failing to take necessary and proper safety precautions; in causing, allowing and/or

permitting various items of merchandise to be placed on a display platform in a

dangerous, hazardous, traplike, reckless, unsafe condition, manner, and location; in

causing, allowing, and/or permitting a dangerous hidden defect to be and remain on a

display platform in defendant's store; in failing to comply with the rules and regulations

of Home Depot; in placing merchandise on a display platform in a dangerous and unsafe

manner and location; in failing to warn the plaintiff and other customers of defendant's

store, that a portion of defendant's display platform was exposed to customers within said

store; in failing to warn; in failing to warn plaintiff and other customers within

defendant's store that said display platform was stocked in a dangerous, hazardous, trap-

like and unsafe manner; in failing to inspect the manner in which said display platform

was stocked with merchandise; in failing to rectify and correct the aforementioned

dangerous, hazardous and trap-like conditions; in failing to train and/or properly train

employees of defendant's store in proper and safe procedure for placing merchandise on

display platforms; and in other diverse ways being negligent, reckless and careless in the

premises;

22.    That solely by reason of the negligence, recklessness and carelessness of the defendant,

its agents, servants, and or employees, the plaintiff, ALLISON BEE, became and was

rendered sick, sore, lame, bruised and disabled; received severe and serious injuries in

and about diverse parts of her person; experienced great pain and suffering; has been

FEB-08-2007  04:41AM  FROM-                                    T-986  P.009/010  F-030

informed and verily believes said injuries to be of a permanent nature; was incapacitated for a long period of time; was prevented from attending to her usual duties and occupation and services; was compelled to and did seek medical aid, treatment, and attention; and will require further medical aid, treatment, and attention in the future; plaintiff was compelled to and did expend great and diverse sums of money in an effort to cure herself and will in the future be caused to incur additional expenses for such medical and other aid; and in other ways sustained a loss of diverse sums of money;

23.     That the within action falls within the exceptions of CPLR 1600 through 1603

24.     The claim herein is in excess of the monetary jurisdictional limits of the lower court.

        WHEREFORE, the plaintiff demands judgment against the defendant for damages; together with the costs, interest and disbursements of this action.

Dated:          New York, New York
                January 18, 2007

                                Yours, etc.

                                ROBERT A. FLASTER, P.C.
                                Attorney for Plaintiff(s)
                                225 Broadway - Suite 1505
                                New York, NY 10007
                                212-349-6000

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK       )
                        )ss.:
COUNTY OF NEW YORK    )

ROBERT A. FLASTER, an attorney duly admitted to practice law before the Courts of the State of New York hereby affirms the following under penalty of perjury:

That I am the attorney for the plaintiff herein.

That I have read the foregoing **VERIFIED COMPLAINT** and know the contents thereof. That the same is true to my own knowledge except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

Your Affirmant further says that the source of my information and the grounds of my belief are all the correspondence had with the said plaintiff(s) and reports of investigation caused to be made by the plaintiff(s) which are now in Affirmant's possession and other pertinent data relating thereto.

Your Affirmant further says that the reason why this Verification is made by Affirmant and not by the said plaintiff(s) is that said plaintiff(s) does not reside within the County of New York, the County wherein Affirmant has his office.

DATED:        New York, New York

                    1/18/07

                                        ROBERT A. FLASTER

# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

------------------------------------------------------------- X

ALLISON BEE,                              Index No.: 6984/07

                          Plaintiff,

            -against-                     **VERIFIED ANSWER**

HOME DEPOT U.S.A., INC.,

                          Defendant.

------------------------------------------------------------- X

Defendant HOME DEPOT U.S.A., INC., by its attorneys, D'AMATO & LYNCH,

as and for its answer, alleges as follows:

      1.     Denies knowledge or information sufficient to form a belief as to the truth
of each and every allegation set forth in paragraph "1" of the Verified Complaint.

      2.     Denies each and every allegation set forth in paragraph "2" of the Verified
Complaint.

      3.     Admits the allegations contained in paragraph "3" of the Verified
Complaint.

      4.     Denies each and every allegation set forth in paragraph "4" of the Verified
Complaint, except admits it does business in the State of New York.

      5.     Denies each and every allegation set forth in paragraph "5" of the Verified
Complaint.

      6.     Denies each and every allegation set forth in paragraph "6" of the Verified
Complaint.

7.      Denies each and every allegation set forth in paragraph "7" of the Verified Complaint.

8.      Denies each and every allegation set forth in paragraph "8" of the Verified Complaint.

9.      Denies each and every allegation set forth in paragraph "9" of the Verified Complaint.

10.     Denies each and every allegation set forth in paragraph "10" of the Verified Complaint.

11.     Denies each and every allegation set forth in paragraph "11" of the Verified Complaint.

12.     Denies each and every allegation set forth in paragraph "12" of the Verified Complaint.

13.     Denies each and every allegation set forth in paragraph "13" of the Verified Complaint.

14.     Denies each and every allegation set forth in paragraph "14" of the Verified Complaint.

15.     Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "15" of the Verified Complaint.

16.     Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "16" of the Verified Complaint.

17.     Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "17" of the Verified Complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "18" of the Verified Complaint.

19. Denies each and every allegation set forth in paragraph "19" of the Verified Complaint.

20. Denies each and every allegation set forth in paragraph "20" of the Verified Complaint.

21. Denies each and every allegation set forth in paragraph "21" of the Verified Complaint.

22. Denies each and every allegation set forth in paragraph "22" of the Verified Complaint.

23. Denies each and every allegation set forth in paragraph "23" of the Verified Complaint and refers all questions of law to the Court.

24. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "24" of the Verified Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

25. Upon information and belief, the culpable conduct and comparative and contributory negligence of plaintiff and others contributed to and caused the liability and damages alleged.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

26. Upon information and belief, if plaintiff sustained any injuries or damages as alleged in the Verified Complaint, such injuries or damages were the result of the culpable conduct and/or assumption of risk by plaintiff. If found, however, that the answering defendant

is liable to plaintiff herein, any liability being specifically denied, then the answering defendant

alleges that, if any damages are found, they are to be apportioned among the parties according to

the degree of responsibility that each is found to have for the occurrence, in proportion to the

entire measure of responsibility for the occurrence.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

27.    Upon information and belief, plaintiff failed to take any, or sufficient

action necessary to mitigate or minimize the damages allegedly sustained.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

28.    Upon information and belief, at all times relevant herein, plaintiff engaged

in activity that plaintiff knew or should have known of the risks inherent in engaging in the

activities alleged in the Verified Complaint and hence assumed the risk of any injuries that may

have been sustained as a result thereof.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

29.    Upon information and belief, plaintiff's claims for medical, dental and/or

custodial care, rehabilitation services, loss of earnings or other economic loss are subject to the

provisions of Section 4545(c) of the Civil Practice Law and Rules and any and all such past or

future costs or expenses which were or will be replaced or indemnified, in whole or in part, from

any collateral source are not recoverable in this action.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

30.    Upon information and belief, the alleged injuries of plaintiff, if any, were

caused or contributed to, in whole or in part, by intervening and superseding causative factors

and therefore the claims of plaintiff against the answering defendant should be barred.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

31.    Upon information and belief, this action should not proceed in the absence of any entities and persons who should be parties.

## AS AN FOR AN EIGHTH AFFIRMATIVE DEFENSE

32.    The answering defendant not being fully advised as to all of the facts and circumstances surrounding the incident complained of herein, hereby asserts and reserves unto itself the defenses of accord and satisfaction, arbitration and award, discharge of bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, laches, license, payment, release. *res judicata*, Statute of Frauds, Statute of Limitations, waiver, and other matter constituting an avoidance or an affirmative defense which further investigation of this matter may prove applicable herein.

WHEREFORE, defendant HOME DEPOT U.S.A., INC. demands judgment dismissing the Verified Complaint as to the answering defendant, together with costs and disbursements of this action awarded to said defendant.

Dated: New York, New York
April 2, 2007

Yours, etc.,

D'AMATO & LYNCH

By: _____

ROBERT D. LANG, ESQ.
Attorneys for Defendant
HOME DEPOT U.S.A., INC.
70 Pine Street
New York, New York  10270
(212) 269-0927
**Our File No.:  434-74341**

TO:    ROBERT A. FLASTER, P.C.
       Attorney for Plaintiff
       ALLISON BEE
       225 Broadway - Suite 1505
       New York, New York 10007
       (212) 349-6000

# ATTORNEY'S VERIFICATION

ROBERT D. LANG, an attorney duly admitted to practice in the Courts of the State of New York, affirms the following under penalty of perjury, being duly sworn, deposes and says:

1.    I am a member of the firm of D'AMATO & LYNCH, the attorneys of record for defendant HOME DEPOT U.S.A., INC., in the within action.

2.    I have read the foregoing VERIFIED ANSWER and know the contents thereof.

3.    The same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and, as to those matters, I believe them to be true.

4.    The reason this Verification is made by me and not by the defendant HOME DEPOT U.S.A., INC. is because said defendant is not within the county where I have my office.

5.    The grounds for my belief as to all matters in the Verified Answer not stated to be upon my knowledge are based upon a review of the file and conversations with the client.

_____
ROBERT D. LANG, ESQ.

Dated: New York, New York
      April 2, 2007

#264455v1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------ X

ALLISON BEE,                                  **Index No.: 6984/07**

                           Plaintiff,

              -against-                        **REQUEST FOR**
                                              **SUPPLEMENTAL DEMAND**
HOME DEPOT U.S.A., INC.,

                           Defendant.

------------------------------------------------------------ X

              Pursuant to Section 3017(c) of the Civil Practice Law and Rules, within 15 days

from the date of the service of this Demand, you are hereby required to set forth the total

damages to which plaintiff deems herself entitled and list same separately for each cause of

action or claim.

Dated: New York, New York
       April 2, 2007


                                    Yours, etc.,

                                    D'AMATO & LYNCH


                        By:         _____
                                    ROBERT D. LANG, ESQ.
                                    Attorneys for Defendant
                                    HOME DEPOT U.S.A., INC.
                                    70 Pine Street
                                    New York, New York  10270
                                    (212) 269-0927
                                    **Our File No.:  434-74341**

#264343v1

TO:    ROBERT A. FLASTER, P.C.
        Attorney for Plaintiff
        ALLISON BEE
        225 Broadway - Suite 1505
        New York, New York 10007
        (212) 349-6000

#264343v1

# EXHIBIT C

**ROBERT A. FLASTER, P.C.**
ATTORNEY AT LAW
225 BROADWAY
SUITE 1505
NEW YORK, N.Y. 10007
(212) 349-6000
FAX: (212) 349-1146

May 9, 2007

By Facsimile: (212) 269-3559
D'Amato & Lynch
70 Pine Street
New York, New York 10270
Attention: Arturo Boutin

Re: Allison Bee v Home Depot U.S.A., Inc.
Your File No.: 434-74341

Dear Mr. Boutin:

In response to your request for Supplemental Demand, the amount the plaintiff is demanding for an Ad Damnum Clause in the Summons and Complaint is $2,000,000.00.

If you should have any questions, please do not hesitate to contact the undersigned.

Thank you for your cooperation.

Very truly yours,

Robert A. Flaster

RAF/mh